**Abraham MARK, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 01–70029.

INS No. A71–781–352.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2001.*

Decided Aug. 30, 2001.

Before HAWKINS, TASHIMA, and
GOULD, Circuit Judges.

MEMORANDUM **

Abraham Mark, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction under 8 U.S.C. § 1105a(a).[1] We review factual determinations concerning a petitioner's eligibility for asylum under a substantial evidence standard, and we must uphold the BIA's decision unless the evidence compels a contrary result. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Because petitioner failed to provide specific, direct evidence of persecution, we conclude that substantial evidence supports the BIA's determination that petitioner neither suffered past persecution nor has a well-founded fear of future persecution. *See Singh v. INS,* 134 F.3d 962, 966 (9th Cir.1998).

Because petitioner failed to qualify for asylum, he cannot satisfy the more stringent standard for withholding of deportation. *See Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

**PETITION FOR REVIEW DENIED.**

1. Pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), the transitional rules apply, *see* ·Kalaw v. INS, 133 F.3d 1147, 1150 (9th Cir. 1997), and we therefore have jurisdiction under 8 U.S.C. § 1105a(a), as amended by IIRIRA § 309(c)(1), see A*vetova–Elisseva v. INS,* 213 F.3d 1192, 1195 n. 4 (9th Cir.2000).